Filed 3/10/23  P. v. Morrow CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CLIFTON MORROW,<br><br>    Defendant and Appellant. | B319575<br><br>Los Angeles County<br>Super. Ct. No. VA067516 |

APPEAL from an order of the Superior Court of Los Angeles County, LaRonda J. McCoy, Judge.  Reversed and remanded with instructions.

Edward H. Schulman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Daniel C. Chang, Deputy Attorney General, and Shezad H. Thakor, Deputy Attorney General, for Plaintiff and Respondent.

————————————

A jury convicted Clifton Morrow of one count of premeditated and deliberate murder and four counts of premeditated and deliberate attempted murder. Morrow petitioned for resentencing on the murder charge under the procedure laid out in Senate Bill No. 1437, effective January 1, 2019 (2017–2018 Reg. Sess.) (SB 1437). The trial court denied his petition. Morrow appealed, and we affirmed.

After Senate Bill No. 775, effective January 1, 2022 (2020-2021 Reg. Sess.) (SB 775), clarified petitioners could seek resentencing for attempted murder charges as well, Morrow filed a second petition. The trial court dismissed Morrow's second petition as precluded by our opinion affirming the dismissal of his first petition. The prosecutor concedes the trial court should not have dismissed Morrow's petition as to the attempted murder charges. We agree. We remand for the trial court to appoint counsel and make a prima facie determination of Morrow's eligibility for resentencing on his attempted murder charges pursuant to section 1172.6, subdivisions (b)(3) and (c). Undesignated statutory citations are to the Penal Code.

The Legislature enacted SB 1437 to narrow the scope of murder liability to exclude those persons who are not the actual killer and did not intend to kill. (*People v. Strong* (2022) 13 Cal.5th 698, 707-708.) The bill also created a mechanism to provide retroactive relief to persons previously convicted who could not be convicted under the new laws. (*Id*. at 708; § 1172.6.) Upon the filing of a facially sufficient petition requesting appointment of counsel, a trial court must appoint counsel and hold a hearing to determine whether the petitioner has made a prima facie showing of eligibility for relief. (§ 1172.6, subds. (b)(3) & (c).) If the petitioner makes this showing, the court must

2

hold an evidentiary hearing to determine whether relief is warranted.  (§ 1172.6, subd. (d).)

Morrow sought such retroactive relief under SB 1437, filing a petition to be resentenced on his murder charge.  After an evidentiary hearing, the trial court found Morrow was a direct aider and abettor and denied the petition.  Morrow appealed the trial court's ruling, and we affirmed.  (*People v. Morrow* (Sept. 23, 2021, B307003, 2021 WL 4316737 [nonpub. opn.] (*Morrow*).)

The California legislature later passed SB 775.  This bill clarified that the procedures to seek resentencing also applied to attempted murder charges.  (§ 1172.6, subd. (a)(2).)  Morrow then filed a second petition seeking resentencing on his four attempted murder charges and requesting appointment of counsel.

Without appointing counsel, the trial court summarily dismissed Morrow's petition, finding our opinion denying the appeal of his first petition precluded a second petition.  Morrow appeals.

Morrow argues the trial court erred by dismissing his petition as to both the attempted murder and murder charges.  He asks that we remand for the trial court to hold an evidentiary hearing pursuant to section 1172.6, subdivision (d).  The prosecutor concedes the trial court erred by dismissing the petition as to the attempted murder charges.  The prosecutor asks that we remand the matter for the trial court to make a prima facie eligibility determination pursuant to section 1172.6, subdivision (c).  We agree the trial court erred by dismissing the petition as to the attempted murder charges only and remand for the trial court to appoint counsel and make a prima facie eligibility finding pursuant to section 1172.6, subdivision (c).

3

Morrow's second petition addressed a topic not included in his first: his attempted murder charges. He filed the second petition after a change in the law made clear the protection afforded by SB 1437 also applied to those charges. Thus his second petition was not successive, and he was entitled to a prima facie eligibility determination by the trial court. (*People v. Farfan* (2021) 71 Cal.App.5th 942, 951 [second petition not barred as successive because based on new authority].)

Morrow asks us to hold that the trial court must grant him a jury trial on both his murder and attempted murder charges. As the prosecutor urges, the law of the case doctrine precludes this argument. (*People v. Jurado* (2006) 38 Cal.4th 72, 94.) We have already determined the protections offered by SB 1437 are an act of lenity and do not implicate the constitutional rights for which Morrow argues. (*Morrow, supra*, at p. *5.) We see no reason to revisit this holding.

We similarly see no reason to revisit our holding rejecting Morrow's claim that the "harmless error" standard from *Chapman v. California* (1967) 386 U.S. 18, 24, applies in the section 1172.6 context. (*Morrow, supra*, at p. *5.) Although the Supreme Court later vacated and deemed not citable the case we cited in support of our holding, that remand did not involve this point and the case's reasoning remains persuasive. (See *People v. Rodriguez* (Dec. 7, 2020) B303099, review granted Mar. 10, 2021, judg. vacated and cause remanded for further consideration in light of Sen. Bill 775, S266652.)

Although both parties agree remand as to the attempted murder charges is appropriate, they disagree about at which step in the section 1172.6 process we should instruct the trial court to resume. The prosecutor asks that we remand for the trial court

4

to make a prima facie eligibility determination under subdivision (c).  Morrow argues this is unnecessary.  He contends he has already established his eligibility because, as the prosecutor concedes, at his trial the court instructed the jury on the natural and probable consequences doctrine as to all four attempted murder charges.  Morrow further argues the prima facie eligibility determination is made as a matter of law and reviewed de novo, so this Court may make the determination in the first instance.  Thus, Morrow asks that we direct the trial court on remand to hold an evidentiary hearing under subdivision (d).

We decline to do so.  SB 775 confirmed that petitioners are entitled to counsel at the prima facie eligibility determination stage.  (§ 1172.6, subd. (b)(3); see also *People v. Lewis* (2021) 11 Cal.5th 952, 957, 962-963.)  Although the court makes this determination as a matter of law, we see no reason to usurp the trial court's role to do so in the first place, especially where the legislature has provided the determination should be made with the benefit of briefing from counsel on the issue.

Because review of the records in Morrow's direct appeal and appeal of the denial of his first petition is unnecessary to our decision, we deny his request for judicial notice.
///

5

## DISPOSITION

We reverse the order denying Morrow's petition and remand for the trial court to appoint counsel and make a prima facie eligibility determination pursuant to section 1172.6, subdivisions (b)(3) and (c).


WILEY, J.

We concur:


GRIMES, Acting P. J.


VIRAMONTES, J.